UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DWAYNE ROBISON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:19-cv-01182-AGF |
|  | ) |  |
| LISA SANDERSON, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Dwayne Robison for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.21. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted a certified inmate account statement. (Docket No. 7 at 2). The certified inmate account statement shows an average monthly deposit of $11.07. The Court will therefore assess an initial partial filing fee of $2.21, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

2

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant who is currently incarcerated the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. (Docket No. 8). At the time relevant to this complaint, however, he was located at the Farmington Correctional Center in Farmington, Missouri. (Docket No. 1 at 2). He brings this action pursuant to 42 U.S.C. § 1983, naming Lisa Sanderson, Elizabeth Atterberry, and Kay McIntyre as defendants.[1] (Docket No. 1 at 2-3). Defendants are sued in their official capacities only.

Plaintiff states that defendant Sanderson is the Chief of Mental Health, that defendant Atterberry is the Regional Director of Mental Health, and that defendant McIntyre is a mental health doctor. He alleges that Sanderson is punishing him for being transgender by isolating him in a single-man cell. (Docket No. 1 at 3). He further states that this has been going on for seven months.

---

[1] The Court notes that only defendants Sanderson and Atterberry appear in the caption. In the section of the form complaint for naming the parties, moreover, plaintiff names only Sanderson and McIntyre. While both Sanderson and McIntyre are mentioned in the Statement of Claim, there are no allegations against Atterberry.

Plaintiff asserts that being in a single-man cell makes it hard for him to control his mental health. He claims that Sanderson is using the "excuse" that he is a sexually active person for keeping him in a single-man cell. Plaintiff states that she is making up this "false lie" to keep him from having a cellmate.

Plaintiff alleges that McIntyre has discriminated against him by telling him that it would be a "good idea" to keep him in a single-man cell. He states that McIntyre has "slander[ed] [his] name" and refused to let him have a chance in double-man cell.

On October 27, 2018, plaintiff was placed on suicide watch. (Docket No. 1 at 4). Defendant Sanderson kept him on watch for a week and a half, which plaintiff states was "above and beyond her job title." She purportedly told him the reason he could not have a cellmate was because he had reported being raped at Potosi Correctional Center. Plaintiff alleges that Sanderson has taken it upon herself to isolate him in administrative segregation, even though he is not a threat to other offenders. However, he acknowledges that other inmates have not wanted to cell with him because he is homosexual, and they are homophobic. Plaintiff further acknowledges that he was released from "the hole" on January 24, 2019, but was returned after three or four weeks for getting into a fight.

Plaintiff states that he is not on medication and that defendant Sanderson has refused to give him medication that would allow him to be stable. He does not specify what medication. He also states that he is a mental and emotional "mess" and that it does him no good to be in a single-man cell.

Plaintiff is seeking $135,000 in damages and to be placed back on mental health medication. (Docket No. 1 at 5).

**Discussion**

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983. The complaint names three defendants, two of whom are sued in their official capacities only, and one of whom is not sued in any capacity at all. For the reasons discussed below, plaintiff's complaint is defective and subject to dismissal. However, plaintiff will be allowed to file an amended complaint.

**A. Deficiencies**

Plaintiff's complaint is deficient because defendants are sued in their official capacities only.[2] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In order to prevail on an official capacity claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. Plaintiff makes no attempt

---

[2] The Court notes that plaintiff has specifically indicated that he is suing Sanderson and McIntyre in their official capacities. He does not indicate the capacity in which he is suing defendant Atterberry. However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

to allege facts supporting such liability and has failed to state a claim against defendants in their official capacities. Thus, his complaint is subject to dismissal.

Furthermore, even if the Court presumed the individual capacity of defendants, plaintiff's complaint fails to demonstrate that Sanderson, Atterberry, or McIntyre violated his constitutional rights. In the Statement of Claim, defendant McIntyre is only briefly mentioned, while defendant Atterberry is not mentioned at all.

With respect to defendant Sanderson, who appears to be the focus of plaintiff's complaint, the allegations are vague and conclusory. For instance, plaintiff states that Sanderson is discriminating against him by placing him in a single-man cell, yet plaintiff does not provide any facts to show that she is singling him out for unequal treatment. To the contrary, he acknowledges that he has reported being sexually assaulted at a different institution; that other inmates have indicated they do not want to cell with him; and that he has gotten into fights. These facts tend to contradict plaintiff's assertion that he has been placed in a single-man cell on a discriminatory basis. Plaintiff also states that Sanderson is refusing to give him medication, but he does not identify what medication or specify whether she is wrongfully withholding prescribed medications, or whether she is merely not prescribing him the medications he believes he should be receiving. In short, plaintiff's conclusory allegations are not sufficient to state a claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

**B. Order to Amend**

Because plaintiff is proceeding pro se, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). The Court notes that plaintiff's handwriting is often extremely difficult to read. Thus, if the complaint is handwritten, **the writing must be legible**. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 3). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

### D. Motion to Proceed Without Inmate Account Statement

Plaintiff has filed a motion to proceed without providing the Court with an inmate account statement. (Docket No. 5). Shortly after filing this motion, plaintiff filed a supplement with the Court that included the account statement. (Docket No. 7). Therefore, the motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.21 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed without inmate account statement (Docket No. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to file an amended complaint on the Court-form in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 22nd day of August, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE