UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE ROBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:19-cv-01182-AGF |
| | ) |
| LISA SANDERSON, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the amended complaint filed by plaintiff Dwayne Robison pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss plaintiff's amended complaint for failure to state a claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a pro se litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He filed his original complaint on May 2, 2019, naming Lisa Sanderson, Elizabeth Atterberry, and Kay McIntyre as defendants. (Docket No. 1). In his complaint, plaintiff alleged that he was being punished as a transgender individual by being placed in a single-man cell. (Docket No. 1 at 3).

On August 22, 2019, the Court ordered plaintiff to file an amended complaint. (Docket No. 14). In so doing, the Court noted that plaintiff's complaint was deficient and subject to dismissal. First, plaintiff had sued defendants in their official capacities only. (Docket No. 14 at 5). However,

he made no attempt to demonstrate the liability of the governmental entity that employed them. (Docket No. 14 at 5-6). Second, the Court advised plaintiff that even if defendants were presumed to be sued in their individual capacities, he had failed to state a claim against them. (Docket No. 14 at 6). In particular, plaintiff used vague and conclusory language that was insufficient to demonstrate the personal responsibility of defendants for allegedly harming him.

The Court directed plaintiff to file an amended complaint within thirty days. The Court's order provided instructions for plaintiff to follow when completing his amended complaint. Plaintiff filed an amended complaint on September 23, 2019. (Docket No. 15).

**The Amended Complaint**

Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983. He names Kay McIntyre, Kenneth Hovis, Ashley Eastmen, Karen Salemen, and Lisa Sanderson as defendants. Defendant McIntyre is sued in both her individual and official capacities. (Docket No. 15 at 2). Defendant Eastmen is sued in her individual capacity only. (Docket No. 15 at 3). Plaintiff has failed to indicate the capacity in which defendants Hovis, Salemen, and Sanderson are sued.

Plaintiff's amended complaint is difficult to read and understand. From what the Court can discern, plaintiff is accusing defendants of harassing him and making inappropriate statements about his sexuality. Many of these statements apparently came in relation to plaintiff's desire to be in a two-man cell. He further believes that he is constitutionally entitled to placement in a two-man cell, rather than a single-man cell.

As to defendant McIntyre, a mental health doctor, plaintiff alleges that McIntyre made numerous "rude" statements about homosexuals when he went to see her to get taken off suicide watch. (Docket No. 15 at 2-3). He also states that she went "out of her way to keep people on suicide" watch for no reason. (Docket No. 15 at 3). When answering plaintiff's health service

3

requests, McIntyre would question him about why he wanted to go back to a two-man cell. (Docket No. 15 at 4). Plaintiff states that when he told her his reasons, McIntyre would reply to him that he only wanted to go to a two-man cell because he wanted to "have sex and cause trouble." He asserts that this constitutes harassment. Furthermore, plaintiff claims that McIntyre asked "rude" questions about why he wanted to become transgender, and used homosexual slurs. (Docket No. 15-1 at 4). Plaintiff also accuses McIntyre, along with defendant Sanderson, of violating his constitutional rights by not allowing him in a two-man cell. (Docket No. 15-1 at 5). Finally, he alleges that McIntyre, along with defendants Sanderson and Hovis, told other inmates in administrative segregation that he was a child molester.

As to defendant Hovis, plaintiff claims that Hovis would "slander and discriminate against" him on the basis of "protected characteristic[s] such as [his] race[,] color[,] national origin[,] and sex." (Docket No. 15 at 3). He states that Hovis made harassing statements and improperly processed grievances. (Docket No. 15 at 4). Plaintiff also accuses Hovis of making "smart comments" when he asked him questions, and of using homosexual slurs against him. (Docket No. 15-1 at 4). Finally, he alleges that Hovis, along with defendants Sanderson and McIntyre, told other inmates in administrative segregation that he was a child molester. (Docket No. 15-1 at 5).

As to defendant Sanderson, plaintiff states that she used to come to the wing and talk to other offenders about what she could do for them. (Docket No. 15 at 4). However, plaintiff claims that Sanderson used what he told her against him to have him placed in single-man cell, rather than a two-man cell. (Docket No. 15 at 4; Docket No. 15-1 at 5). Plaintiff alleges that Sanderson has violated his constitutional rights by not allowing him to have a two-man cell. (Docket No. 15-1 at 5). Finally, he alleges that Sanderson, along with defendants McIntyre and Hovis, told other inmates in administrative segregation that he was a child molester.

4

As to defendants Salemen and Eastmen, plaintiff alleges that both made "harassing" statements when he asked to move to a two-man cell. (Docket No. 15 at 4).

Plaintiff has attached an informal resolution request, a grievance, and a grievance appeal to his amended complaint.[1] (Docket No. 15-1 at 1-3). These attachments allege that staff has been verbally harassing him, including sexual harassment.

Plaintiff is seeking money damages in the amount of $880 due to "staff harassment," "slander," and numerous "derogatory comments." (Docket No. 15 at 5).

## Discussion

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983. On August 22, 2019, the Court directed plaintiff to file an amended complaint, due to deficiencies in the original complaint that subjected it to dismissal. Having carefully reviewed the amended complaint, however, the Court has determined that those deficiencies remain. Therefore, for the reasons discussed below, the Court must dismiss this action for failure to state a claim.

### A. Defendant McIntyre

Plaintiff alleges that defendant McIntyre made rude statements and homosexual slurs toward him; did not allow him to be in a two-man cell; and told others that he was a child molester. Defendant McIntyre is sued in both her individual and official capacities.

#### i. Official Capacity Claim

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Plaintiff has not identified defendant McIntyre's employer in the amended complaint. However, it is apparent that McIntyre is employed by either the Missouri Department of Corrections (MODOC) or Corizon Health, Inc. (Corizon), which provides healthcare to MODOC inmates. In either case, plaintiff has failed to state a claim.

If McIntyre is presumed to be a MODOC employee, plaintiff's official capacity claim is actually a claim against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Thus, to the extent that plaintiff's official capacity claim is against MODOC, the claim must be dismissed.

If McIntyre is presumed to be a Corizon employee, plaintiff's official capacity claim is actually a claim against Corizon itself. A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Plaintiff has not presented any facts to show that he suffered an actionable injury due to a policy, custom, or official action on the part of Corizon. Thus, to the extent that plaintiff's official capacity claim is against Corizon, the claim must be dismissed.

**ii.     Individual Capacity Claims**

Construed liberally, plaintiff makes three different claims against defendant McIntyre. First, he alleges that she made rude statements and sexual slurs towards him. According to plaintiff, these statements concerned homosexuality and McIntyre's purported dislike of transgendered individuals. This is not sufficient to state a claim.

Name calling is not a constitutional violation for purposes of an action pursuant to 42 U.S.C. § 1983. *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). *See also Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States"). Moreover, even threatening comments are not actionable under § 1983. *See Hopson v. Fredericksen*, 961 F.2d

7

1374, 1378 (8th Cir. 1992) (stating that, in general, "mere verbal threats made by a state-actor do not constitute a § 1983 claim"). Therefore, McIntyre's alleged comments towards plaintiff do not state a constitutional violation and must be dismissed.

Second, plaintiff alleges that McIntyre has violated his constitutional right to due process by keeping him in a single-man cell, rather than allowing him to be in a two-man cell. In order to prevail on a due process claim, a plaintiff must first demonstrate that he or she was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). *See also Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not"). As life or property is not at issue in this case, plaintiff must identify a liberty interest to sustain a due process claim. *See Phillips*, 320 F.3d at 847.

The United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, plaintiff broadly claims that defendant McIntyre has violated his due process right to be placed in a two-man cell. It is not clear exactly what McIntyre did in this regard, as plaintiff presents the accusation in the form of a conclusion. Nevertheless, he has not demonstrated a constitutional violation, because he has failed to establish that being housed in a single-man cell constitutes an atypical and significant hardship. There is no indication that plaintiff's placement in a single-man cell restricts his privileges, makes him unable to earn good-time credits, or keeps him from associating with other inmates. Instead, his claim relies on a general assertion that he is deprived of a cellmate, without any further factual amplification. At no point does plaintiff attempt

to explain how this amounts to an atypical and significant hardship when compared to ordinary prison life. Therefore, plaintiff's claim that defendant McIntyre prevented him from being housed in a two-man cell must be dismissed.

Finally, plaintiff alleges that McIntyre, along with defendants Sanderson and Hovis, told other inmates in administrative segregation that plaintiff was a child molester. It appears that plaintiff may be trying to assert a failure to protect claim, by alleging that defendants placed him in potential danger by identifying him in such a manner.

Inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). However, "prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018).

While plaintiff broadly alleges that defendants McIntyre, Sanderson, and Hovis told other inmates he was a child molester, he provides no factual allegations to establish that this incident exhibited a deliberate or callous indifference to his safety. That is, there is no indication that plaintiff was placed at risk of harm. Therefore, plaintiff's claim that McIntyre failed to protect him must be dismissed.

**B. Defendant Eastmen**

Plaintiff alleges that defendant Eastmen, along with defendants Salemen and Hovis, made "harassing statement[s]" to him after he asked to move to a two-man cell. There is no indication as to what Eastmen said, when she said it, or how often she made these allegedly-harassing statements. Eastmen is sued in her individual capacity only.

As noted above, name calling is insufficient to state a constitutional violation. *Martin*, 780 F.2d at 1339. *See also Ellingburg*, 518 F.2d at 1197 (stating that an inmate cannot recover damages

9

for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States"). There are no other allegations against Eastmen, and she is only mentioned once in the amended complaint. Therefore, plaintiff's individual capacity claim against Eastmen must be dismissed.

**C. Defendants Sanderson, Hovis, and Salemen**

Plaintiff accuses defendant Sanderson of violating his constitutional rights by not allowing him to be housed in a two-man cell, and by telling other inmates he was a child molester. He alleges that defendant Hovis made inappropriate comments, improperly processed his grievances in retaliation, and told other inmates that he was a child molest. Finally, plaintiff claims that defendant Salemen made harassing comments to him after he requested to be moved to a two-man cell. Plaintiff does not indicate the capacity in which he is suing defendants Sanderson, Hovis, or Salemen.

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson*, 172 F.3d at 535 ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's

complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Here, plaintiff fails to indicate the capacity in which defendants Sanderson, Hovis, and Salemen are sued, despite the Court advising plaintiff that his failure to sue a defendant in his or her individual capacity could result in the dismissal of that defendant. (Docket No. 14 at 8). Since plaintiff's amended complaint is silent as to capacity for these defendants, the Court must presume that Sanderson, Hovis, and Salemen are sued in their official capacities only. Official capacity claims against individuals are treated as claims against the entity that employs them. *See White*, 865 F.3d at 1075. As discussed above, plaintiff has not asserted any facts demonstrating the liability of MODOC or Corizon. Therefore, his official capacity claims against Sanderson, Hovis, and Salemen must be dismissed.

Even if plaintiff had sued Sanderson, Hovis, and Salemen in their individual capacities, he has still failed to state a claim. Plaintiff's allegations regarding inappropriate comments and slurs fail, because name calling does not establish a constitutional violation. *See Martin*, 780 F.2d at 1339; and *Ellingburg*, 518 F.2d at 1197. His claim that his constitutional rights were violated by his placement in a single-man cell, and not in a two-man cell, are insufficient to state a claim, because he has not demonstrated that placement in a single-man cell is an atypical and significant hardship sufficient to amount to the deprivation of a protected liberty interest. *See Sandin*, 515 U.S. at 484 (stating that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). His claim that defendant Hovis improperly processed his grievances does not state a constitutional violation, because a grievance procedure is a procedural right only, and does not confer upon plaintiff a substantive right. *See Buckley v. Barlow*, 997 F.2d

494, 495 (8th Cir. 1993). Finally, his assertion that defendants Sanderson and Hovis told other inmates he was a child molester does not state a failure to protect claim, because he has not alleged that they showed a deliberate and callous indifference towards his safety.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's action is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of November, 2019.

                                                                            _/s/ Audrey G. Fleissig_
                                                                            AUDREY G. FLEISSIG
                                                                            UNITED STATES DISTRICT JUDGE